UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| HAFEEZA SHAHEED, <br>     Plaintiff, <br><br> v. <br><br> ANDREW ESPINOSA, et al., <br>     Defendants. | Civil Action No. <br> 23-10934-NMG |

ORDER

GORTON, J.

In her second amended complaint (Docket # 9), plaintiff Hafeeza Shaheed alleges that employees of the Massachusetts Commission Against Discrimination, the Massachusetts Office of Fair Housing and Equity, and the Office of Housing Stability violated her state and federal rights vis-à-vis administrative claims she made to these agencies concerning housing discrimination against her.[1] For the reasons set forth below, the Court DISMISSES this action.

Upon review of the second amended complaint and the

---

[1] After filing her second amended complaint, Shaheed filed a letter in which she states that she is further amending her complaint to include Kenneth Callahan (MCAD Deputy Chief of Investigations) in his individual capacity in the title of the pleading as a defendant. (Docket # 10). Under Fed. R. Civ. P. 15(a), Shaheed was required to obtain leave of the Court to further amend her pleading. Notwithstanding, because the second amended complaint contains allegations of Callahan's conduct, the Court treats the second amended complaint as including claims against Callahan in his individual capacity.

accompanying 764 pages of exhibits, the Court finds that the pleading fails to state a claim arising under federal law upon which relief can granted.

It is clear the defendants in this action did not handle Shaheed's administrative claims in the manner she desired and expected. Shaheed identifies numerous occasions where she was very frustrated with the defendants' responses to her requests for information, assistance, and investigation. But Shaheed's legal conclusions concerning the nature and adequacy of the defendants' alleged conduct are not supported by the factual content within the pleading or are belied by the information in Shaheed's exhibits.

Accordingly, the case is DISMISSED as follows:

1. Count 1 (violation of due process), Count 2 (violation of right to equal protection), Count 3 (violation of the Fair Housing Act), and Count 7 (violation of the Civil Rights Act of 1964) are dismissed for failure to state claims upon which relief can be granted because the second amended complaint does not contain sufficient factual content to "allow[] the court to draw the reasonable inference that the defendant is liable" under these statutes. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

2. Count 6 (violation of 18 U.S.C. § 242) and Count 8 (18 U.S.C. § 371) are dismissed for failure to state claims upon

which relief can be granted because these criminal statutes do not create a private action and thus are not enforceable through a civil action. See, e.g., Andrews v. Heaton, 483 F.3d 1070, 1076 (10th Cir. 2007); Moore v. Potter, 47 Fed. App'x 318, 320 (6th Cir. 2002).

3. Count 9 (violation of 29 C.F.R. § 1614.108(b)) is dismissed for failure to state a claim upon which relief can be granted because it is factually inapplicable to this action. This regulation concerns the investigation of employment discrimination claims in federal employment.

4. The Court declines to exercise supplement jurisdiction over the state law claims. See 28 U.S.C. § 1367(c)(3). Accordingly, Count 4 (violation of the Boston Fair Housing Commission Assistance Program), Count 5 (violation of Housing Stability Notification Act), Count 10 (violation of 805 C.M.R. 1.15(10), and Count 11 (violation of § 11.3[2]) are dismissed without prejudice.

**So ordered.**

_____
Nathaniel M. Gorton
United States District Judge

Dated: 01/08/2024

---

[2] The Court assumes that "§ 11.3" refers to a state regulation concerning procedures of the MCAD or other state agency.

3